UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

GREG CANTONI,                                    :

                       Petitioner,      :

           -against-                  :          **OPINION AND ORDER**

D.E. LECLAIR,                                   :          12 Civ. 4353 (VEC) (MHD)

                  Respondent.   :

------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/09/2015

**VALERIE CAPRONI, United States District Judge:**

      On June 1, 2012, *pro se* Petitioner Greg Cantoni filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). The Petition challenges Cantoni's 2009 conviction in the New York State Supreme Court, New York County, on the sole basis that the trial court erred in denying his request for substitute counsel. As a result of his conviction, Petitioner was sentenced to a prison term of two to four years, a sentence which was aggregated to run consecutively with other sentences imposed prior to, and after, this sentence. On June 11, 2012, this Court referred the action to Magistrate Judge Michael H. Dolinger for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Dkt. 7. On May 5, 2014, Magistrate Judge Dolinger issued his Report and Recommendation (the "R&R") to this Court recommending that the Petition be denied with prejudice. Dkt. 19. No party has filed objections to the R&R. Upon careful review, the Petition is DENIED.

## BACKGROUND

      On January 20, 2009, Petitioner was indicted without having an opportunity to testify before the grand jury due to his counsel's failure to timely serve the required written notice on the District Attorney. R&R at 4. On July 15, 2009, eight days before jury selection and twelve

days before trial, Petitioner orally requested a new attorney.  *Id.* at 4.  Petitioner's attorney

explained to the trial judge that the basis for the request was that Petitioner had lost confidence in

his counsel after counsel failed to take the procedural steps necessary to ensure that Petitioner

was allowed to testify before the grand jury.  *Id.* at 4-5, n.3.  The trial court denied Petitioner's

request without further inquiry, and Petitioner's counsel proceeded to represent him ably at trial.

*Id.* at 5.

      At trial, Petitioner's counsel cross-examined the prosecution's witnesses and highlighted

inconsistences and gaps in the evidence to argue that the State failed to satisfy its burden of

proof.  *Id.* at 10.  The jury convicted Petitioner on all counts; the court sentenced him to

concurrent prison terms of two to four years on each count of fourth-degree Criminal Possession

of Stolen Property, and concurrent ninety-day terms on the counts of Petit Larceny and Criminal

Possession of Stolen Property in the Fifth Degree.  *Id.* at 10-11.  Petitioner's conviction was

unanimously affirmed by the First Department on October 7, 2010, *see People v. Cantoni,* 77

A.D.3d 416 (1st Dep't 2010), and his application for leave to appeal to the New York Court of

Appeals was denied on February 25, 2011. *People v. Cantoni,* 919 N.Y.S.2d 513 (N.Y. 2011).

**STANDARD OF REVIEW**

      In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  When, as here, no party objects to the magistrate judge's Report and

Recommendation, the court may accept the Report and Recommendation provided that "there is

no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y.

1985); Fed.R.Civ.P. 72(b) advisory committee's note.  Under a clear error standard of review,

"[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not

2

question whether a different inference was available or more likely.").  *U.S. v. Freeman*, 443

F.App'x. 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales,* 480 F.3d 160, 168 (2d Cir.2007)).

### DISCUSSION

As a threshold matter, the Court agrees with Magistrate Judge Dolinger's finding that the

Petition is not moot by virtue of the fact that more than four years have passed since the

imposition of the two-to-four-year sentence that Petitioner now challenges.  *See* R&R at 13-18.

As stated in the R&R, Petitioner remains in custody serving an aggregated sentence that includes

the sentence imposed for his challenged conviction.  *See Garlotte v. Fordice*, 515 U.S. 39, 45-46

(1995) (finding a petitioner to be "in custody" for habeas purposes under the first of

consecutively running sentences one year after the completion of that sentence).  Second, in the

absence of any evidence to the contrary, the Court presumes that Petitioner is subject to

persisting collateral consequences from his challenged conviction, thereby maintaining a valid

case or controversy as to his Petition.  *See Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002)

(collateral consequences to criminal convictions are presumed to persist after the expiration of a

sentence and a habeas petition is moot "only if it is shown that there is no possibility that any

collateral legal consequences will be imposed on the basis of the challenged conviction.")

(quoting *Sibron v. New York*, 392 U.S. 40, 57 (1968)).

As to the merits, Petitioner asserts that his Sixth Amendment rights were violated when,

twelve days before trial, the trial court denied his request to be appointed new counsel without

conducting an inquiry or providing Petitioner an opportunity to discuss the grounds for his

request. Pet. at 3.  *See also* R&R at 22.  The Supreme Court has firmly established that criminal

defendants who are unable to afford counsel have the right to court-appointed counsel.  *Gideon*

*v. Wainwright*, 372 U.S. 335, 343 (1963).  The Court has also made clear, however, that "an

indigent defendant has no right to choose his counsel . . . ."  *Montejo v. Louisiana*, 556 U.S. 778, 784 (2009) (citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006)).  Thus, defendants who rely on court-appointed counsel are entitled to effective counsel, but they "do not have a veto over who is appointed to defend them, provided that appointed counsel's representation is adequate."  *Felder v. Goord*, 564 F. Supp. 2d 201, 220 (S.D.N.Y. 2008).

The Second Circuit considers the following factors in determining whether a court has abused its discretion in refusing to grant a defendant's request for substitute counsel: (1) the timeliness of the defendant's motion; (2) the adequacy of the trial court's inquiry into the defendant's complaint about counsel; (3) whether the attorney/client conflict was so great that it resulted in "a total lack of communication preventing an adequate defense"; and (4) whether the defendant substantially and unjustifiably contributed to the communication breakdown.  *Felder*, 564 F. Supp. 2d at 220 (citing *United States v. John Doe No. 1*, 272 F.3d 116, 122-23 (2d Cir. 2001)).  Applying these factors to the present case, this Court concurs with the Magistrate Judge's R&R in finding that the trial court did not abuse its discretion when it denied Petitioner's request for new counsel.

With respect to the first factor, Petitioner made a "last-minute" motion for new court-appointed counsel less than two weeks before his scheduled trial and six months after his attorney made the mistake that allegedly caused a loss of confidence (to wit: failing to provide written notice that he wanted to testify before the grand jury).  R&R at 4-5.  The tardiness of the motion for new counsel weighs against the Petitioner.  *See, e.g., Soltero v. Kuhlman*, No. 99 CIV. 10765 (GEL), 2000 WL 1781657, at *3-4 (S.D.N.Y. Dec. 4, 2000) (finding reasonable the trial court's denial of petitioner's request for reassignment of counsel made two weeks before trial due in part to the untimely nature of the request).  The Second Circuit has held that, on the

eve of trial, a defendant should only be permitted to substitute court-appointed counsel under "unusual circumstances . . . such as a complete breakdown of communication or an irreconcilable conflict" between the defendant and counsel. *United States v. Schmidt*, 105 F.3d 82, 89 (2d Cir. 1997) (citation omitted). Petitioner has neither argued nor offered any evidence suggesting there was a "complete breakdown of communication or irreconcilable conflict" with his counsel. *See* R&R at 10, 33.

The second factor—adequacy of the trial court's inquiry into the request for new counsel—similarly weighs against the Petitioner. When a defendant presents a "seemingly substantial complaint" regarding counsel, the trial court should generally inquire into the reasons for the complaint. *McKee v. Harris*, 649 F.2d 927, 933 (2d Cir. 1981). There is a real question in this case whether Petitioner's "loss of confidence" in counsel based on counsel's failure to provide timely written notice of his desire to testify before the grand jury constitutes a "seemingly substantial" complaint. *See Allison v. Khahaifa*, No. 10-CV-3453 (KAM), 2011 WL 3298876, at *11 (E.D.N.Y. Aug. 1, 2011) (Generally, "a loss of trust or confidence does not rise to the level of good cause and, without more, is insufficient to constitute a 'seemingly substantial' complaint.") (citing *McKee*, 649 F.2d at 931-33).

Even assuming that Petitioner had presented a "seemingly substantial complaint," however, the trial court's failure to inquire further is not sufficient to satisfy this factor unless the Petitioner can show that he was harmed by the court's failure to inquire. *See McKee*, 649 F.2d at at 933; *Norde v. Keane*, 294 F.3d 401, 412 (2d Cir. 2002); *Lopez v. Graham*, 519 F. App'x 52, 54 (2d Cir. 2013) (citation omitted). Absent a showing of harm, the failure to inquire is a mere "procedural irregularity," which, without more, will not justify a writ of habeas corpus. *Norde*, 294 F.3d at 412; *McKee*, 649 F.2d at 933. Here, Petitioner has not demonstrated that he was in

any way harmed by the trial court's failure to inquire into his request for new counsel. The trial judge was aware that his counsel's failure to make a written request for him to testify before the grand jury was the reason for Petitioner's loss of confidence in his attorney. R&R at 29. Neither loss of confidence in one's attorney nor dissatisfaction with an attorney's performance, without more, is sufficient to justify assignment of new counsel. *See Allison*, 2011 WL 3298876, at *11; *U.S. v. Cronic*, 466 U.S. 648, 657 n.21 (1984) ("If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance."); *Gonzalez-Lopez*, 548 U.S. at 147 (defendants are entitled to effective, not "mistake-free" counsel). Thus, the Appellate Division was well-within the bounds of federal law in finding that "the [trial] court properly exercised its discretion in summarily denying [Petitioner]'s eve-of-trial request for the appointment of substitute counsel[,]" on the grounds that Petitioner lacked "good cause" for a substitution. *Cantoni*, 77 A.D.3d at 417. The Appellate Division also found no evidence that Petitioner received inadequate representation either before or after his motion for substitution of counsel, *id.,* a finding confirmed by the Magistrate Judge in his R&R. *See* R&R at 33 (finding that counsel "vigorously represented [P]etitioner's interests").

With respect to the third and fourth factors, Petitioner does not argue that any conflict with his attorney was so great that it resulted in a "total lack of communication preventing an adequate defense." *John Doe No. 1*, 272 F.3d at 122-23. Thus, the third factor weighs against the Petitioner. The fourth factor, which examines whether the defendant "substantially and unjustifiably contributed to the communication breakdown" is inapplicable, and therefore weighs neither in favor nor against the Petitioner.

**CONCLUSION**

For the reasons set forth above, the Court finds no clear error in the R&R and therefore the Petition is denied.  Because Petitioner filed no written objections to the R&R and because the R&R expressly warns that the failure to file timely objections may result in the waiver of any such objections, appellate review of this decision is precluded.  *See* Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 445 (1962).  The Clerk of Court is respectfully requested to mail a copy of this Order to Petitioner and note service on the docket. The Clerk of Court is further requested to close the case.

**SO ORDERED.**

Date:  **February 9, 2015**                          **VALERIE CAPRONI**
          **New York, NY**                              **United States District Judge**

7